IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-31,480-03






EX PARTE STEVE JAY WARD, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 840384 IN THE 208
TH DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of
more than four grams of cocaine and sentenced to six years' imprisonment. 

 Applicant contends that he is being denied credit for time spent on parole prior to revocation. 
The trial court has found that Applicant is not eligible for such credit because he has a prior
conviction for aggravated assault, but an aggravated assault conviction disqualifies an inmate for
such credit only if the conviction was for a first or second degree felony, and nothing in this record
shows the degree of Applicant's conviction or the elements of the offense Applicant was convicted
of committing. Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Spann,
132 S.W.3d 390 (Tex. Crim. App. 2004). In these circumstances, additional facts are needed. As
we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the
appropriate forum for making findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d), in
that it may supplement the record with documents reflecting that Applicant's prior aggravated assault
conviction was a first or second degree felony, or that the elements of the offense he was convicted
of committing would be a first or second degree felony under the current § 22.02, Penal Code. 
Alternatively, the court may order the Texas Department of Criminal Justice, Institutional and Parole
Divisions, to file affidavits listing Applicant's sentence begin date, the date he was released to
conditional release, and the dates of issuance of any parole-revocation warrant or summons leading
to the revocation of such parole or mandatory supervision. The affidavit should also address how
much time was remaining on this sentence on the date that Applicant was conditionally released. 
The affidavit should state whether Applicant is receiving credit for any of the time spent on parole. 
Finally, the affidavit should indicate whether Applicant has submitted his claim to the time credit
resolution office of TDCJ and, if so, the dates when the claim was submitted and resolved.

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Application is indigent and wishes to
be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the
hearing. Tex. Code crim. Proc. Art. 26.04.

 The trial court shall make findings of fact first as to whether Applicant has properly
exhausted his administrative remedies as required by tex. Gov't code § 501.0081(b)-(c). The trial
court shall then make findings as to whether Applicant is eligible to earn street time credit and, if
so, whether he is entitled to credit for his time spent on release. The trial court shall also make
finding as to whether Applicant is receiving the proper amount of time credit for that time. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: December 13, 2006

Do not publish